FILED
CHARLOTTE, N.C.

MAR 2 6 1999

U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

THE EARTHGRAINS COMPANY, INC.,

Plaintiff,

vs.

CIVIL ACTION

FILE NO. 3:99cv115-MU

ADKINS, GEORGE
AGAH, MICHAEL
ALSBROOKS, VERNON,
AMADU, LAHAI
ANDERSON, TUA
ANTHONY, SOPHIE
ARNETT, RICHARD JR.
AUTRY, WANES
BAILEY, HELEN
BARNES, TERESA
BEATTY, ARSONIA
BECKHAM, TINA
BELCHER, SAMMY
BELTON, SHARON
BERRY, JOEL
BEST, MITCHELL
BIGGERS, EDWARD
BLACK, CARL
BLACKMON, JONATHAN
BOST, MICHAEL
BREWER, STANLEY
BROADIE, LEE
BROOKS,RICKIE
BROWN, ROBERT
BROWN, ROGER
BROWN, DONNA
CAMPBELL, PEGGY
CAMPBELL, RACHEL
CAMPBELL, CHARLES
CANIPE, JANE
CARELOCK, JAMES
CHRISTIAN, ANTHONY
COBBS, MONTERRON
COGGINS, JIM
COLLINS, ROBERT



1

COLLINS, BOBBIE
CRENSHAW, JAMES
CROOK, CARL
CUNNINGHAM, JERRY
CURL, JAMES
CURRY, JON
DAVIS, JACQUELINE
DAVIS, LEONARD
DEAVER, KENNETH
DOUGLAS, RONALD
DOWNEY, BILL
DULIN, RICHARD
DUNCON, RANDY
DURHAM, CLAY
EALEY, DAVID
EALEY, ROBERT
EARNHARDT, JAMES
EDWARDS, MICHAEL
ENOLE, ED
ERVIN, FRANCIS
FAULKNER, EDWIN
FILLER, CURTIS
FISH, TERRY
FOX, JACK
GADDY, RODNEY
GAINER, ESTHER
GASKIN, BILLY
GEER, FLORENCE
GEER, DONNA
GERADS, ARNOLD
GLOVER, DENNIS
GOOD, TODD
GORDON, KYLE
GRIER, DONNIE
GRIER, SALLY
GUTEKANST, JOSEPH
HACKER, VIRGIL
HAGER, J.C.
HAGER, WALTER
HAGER, ROBERT
HANSHAW, ALFRED
HARDEN, RANDALL
HARDIN, RANDY
HARKLEY, TONY
HARRIS, ERIC

HAYES, ROSEWILL
HENRY, WILLIE, ESTATE OF
HICKLEY, DONAL
HILTON, TONEY
HODGE, MALCOM
HOPE, WILLIE
HOPE, GLENN
HOWZE, JAMES
HUFFMAN, NORMAN
HUNTER, JANET
HUNTER, THOMAS
HUNTLEY, JUANITA
ISREAL, FRANK JR.
JACKSON, LULA
JACKSON, GLORIA
JAMES, VERA
JOHNSON, DANA
JOHNSON, WALTER
JOHNSON, WILSON
JONES, DACE
JONSTON, BERNICE
JORDAN, MARY
KAY, WILLIE
KELLY, BOBBY
KERNS, THOMAS, ESTATE OF
KING, MARK
LEADFORD, ROBERT
LEE, JOSEPH
LITTLE, ALPHONSO
LOFTY, BRIAN
LOGAN, ANTWON
LORICK, MICHAEL, ESTATE OF
LOVE, JOHNNY
MAMBWENI, MALANDA
MASSEY, DOROTHERY
MAYNOR, CHARLES
MCCAUSLIN, TIMOTHY
MCCLAIN, VALLERY
MCCORKLE, JEFFREY
MCDANIEL, SYLVIA
MCGINNIS, ROBERT
MCLEOD, COLA
MEEKS, ROGER
MILLER, DIANE
MILLER, DORIS

MOORE, OLEN
MORROW, ROBERT
MOUNKASSA, ADOLPHE
MUNGROW, KENNETH
NESBIT, EDWARD
NETH, RONALD
NEWTON, BILLY
NEWTON, JAMES
NIVENS, JERRY
NOVANSY, PANY
OSBORNE, ARNOLD
OSBOURNE, VIRGIL
OUTLAW, ALICE
OWUSU, GEORGE
PARKS, MARSHALL
PATE, TERRY
PAULEY, CHRIS
PAULING, PERNELL
PAYBORN, CHRIS
PAYER, THONY
PERKINS, LARRY
PERRY, CHARLES
PERRY, JONATHAN
PHIFER, WARREN
PHILLIPS, HARLD
PRESSLEY, DANA
PRUNTY, ALAN
QUEEN, RICHARD
QUIDLEY, GLEASON
RANKIN, THEODORE
RANKIN, RICHARD
REED, MELVIN
REVELS, JAMES
RITCHIE, WILLIAM
RITCHIE, CHRISTOPHER
RITCHIE, JAMES
RITCHIE, GARY
ROBINSON, MARVIN
ROBINSON, MATTHEW
RUCKER, HENRY
RUDD, GERALD
SELLERS, GWENDOLYN
SHEPHERD, PERRY
SHEPPARD, GLADYS
SHERMAN, THEODORE

SIGMON, BILLY
SIMPSON, DANIEL
SIMPSON, DOMINIQUE
SMITH, CARL
SMITH, RANDY
SPEACH, MICHAEL
SPY, JAMES
ST. GERMAINE, JOEL
STARNES, AMY
STITT, FRANCES
STRONG, CYNTHIA
SUTTON, DEREK
TALLMAN, MICHAEL
TAYLOR, ALFRED
THOMPSON, ROGER
THOMPSON, DORTHEA
TUCKER, RIAN
TUMAMBO, TOKO
TURNER, DEAN
WALKER, OTIS
WALL, GLORIA
WATTS, MICHAEL
WEATHERS, WALTER
WHITE, JOHN
WHITT, JESSEE
WITHERS, WESLEY
YOUNG, WANDA

Defendants.
_______________________________________/

**COMPLAINT**

This is a lawsuit brought under the Anti-Injunction Act, 28 U.S.C. § 2283, to enjoin permanently a lawsuit in North Carolina state court which directly attacks a recent judgment by Judge Potter in this Court, in a case which is still pending in the U.S. Court of Appeals for the Fourth Circuit. Plaintiff The Earthgrains Company ("Earthgrains") also requests that this Court sanction the attorneys responsible for the state court lawsuit for frivolous and abusive litigation.

## THE PARTIES

1.

Earthgrains is a baked goods corporation headquartered in Missouri and incorporated in Delaware.

2.

Defendants Mary Jordan *et. al.* are individuals over the age of 21 who, upon information and belief, currently reside in North Carolina. They are all former employees of Earthgrains' Charlotte, North Carolina bakery.

## THE PRIOR LITIGATION

3.

On February 24, 1997, attorneys Pamela A. Hunter, R. Clifton Cannon, and Charlene R. Bell filed a class-action lawsuit (hereafter, "the first lawsuit") in the State of North Carolina, County of Mecklenburg, General Court of Justice, Superior Court Division, on behalf of former Earthgrains employees who worked at the Charlotte plant. This lawsuit was against Earthgrains (which was identified in the lawsuit's caption both as "Earthgrains" and by its former name, Campbell Taggart Company) and Earthgrains' former corporate parent, Anheuser-Busch, Inc. The lawsuit made two allegations: (1) it alleged Earthgrains violated Title VII of the Civil Rights Act of 1964 by allegedly closing the Charlotte bakery in February, 1996, because its work force allegedly had more minority employees than Earthgrains' other bakeries; and (2) it alleged Earthgrains defrauded the class of workers when it closed its Charlotte bakery. This fraud allegation arose because Earthgrains' President allegedly told employees the plant would stay open, and because Earthgrains installed new equipment and had given workers basic skills training prior to the closing. The lawsuit claimed the

workers somehow detrimentally relied upon this plant modernization and training as a commitment that the plant would not close.

4.

Earthgrains removed the first lawsuit to this Court on the basis of federal question jurisdiction over the Title VII claim and pendant jurisdiction over the fraud claims. Removal was not opposed. Once in this Court, the first lawsuit was assigned to Judge Robert Potter and given case number 3:97CV197-P.

5.

Once the first lawsuit was in this Court, the workers (through their lawyer, Ms. Pamela Hunter and her co-counsel) filed a motion for class certification on September 4, 1997. Earthgrains opposed certification. Ms. Hunter argued in pleadings that class certification was appropriate. (See, e.g., Plaintiffs' Memorandum in Response to Defendants' Objection to Class Certification, January 30, 1998, Case No. 3:97CV197-P; Plaintiffs' Memorandum in Reply to Defendants' Opposition to Amend Class Certification and Name Additional Class Representatives, March 27, 1998, Case No. 3:97CV197-P.) However, at the same time Ms. Hunter was arguing in favor of class certification, she simultaneously also filed a "Motion to Intervene" on April 2, 1998, in which she sought to "intervene" 196 workers and the estates of 3 deceased individuals into the first lawsuit as individual plaintiffs. These 196 people and 3 estates were all the people in the class which Ms. Hunter simultaneously was seeking to certify.

6.

Despite filing this Motion to Intervene, Ms. Hunter did not withdraw the motions for class certification.

7.

The Court did not rule on the merits of the Motion for Class Certification or the Motion to Intervene. Instead, Judge Potter entered an Order on April 22, 1998 granting summary judgment to Earthgrains on the merits of both counts of the Complaint and ordering Ms. Hunter and her co-counsel to show cause why they should not be sanctioned under Federal Rule of Civil Procedure 11. This Order also dismissed all other pending motions as moot.

8.

Ms. Hunter and her co-counsel appealed this Order in its entirety (including the fraud claims) to the U.S. Court of Appeals for the Fourth Circuit. The appeal in the first lawsuit is currently pending.

9.

Notwithstanding this earlier lawsuit which is still pending on appeal, Ms. Hunter and Mr. Canon filed another lawsuit in Mecklenburg County General Court of Justice, Superior Court Division, on February 9, 1999, No. CVS - 2158 against The Earthgrains Company, Anheuser-Busch, Inc. and Campbell Taggart Company (the defendants in the earlier, removed action), accusing these companies of fraud in closing the Charlotte plant. (Hereafter called, "the second lawsuit.") (Copy of Complaint attached to the motion for stay, which is filed simultaneously with this Complaint.) The new lawsuit's allegations are identical to the fraud allegations which this Court earlier considered and decided in the first lawsuit. The second lawsuit's caption lists 194 individuals and the estates of 3 deceased individuals. These 197 parties with (with the exception of Bryan Lofty): (1) all were in the class which Ms. Hunter sought to certify in the first lawsuit, and (2) all were on the list of individuals whom Ms. Hunter sought to "intervene" in the first lawsuit. The claims of the

new party, Brian Lofty, are untimely is discussed in the Motion for Stay filed in conjunction with this Complaint).

10.

This new lawsuit is an attempt by Plaintiffs' counsel (the same counsel who brought the first suit) to re-litigate in state court issues which have already been decided by this Court and to escape the legal finality of the previous adverse judgment.

11.

Wherefore, Earthgrains respectfully requests that this Court permanently enjoin the proceedings in state court, pursuant to the provision in the Anti-Injunction Act, 28 U.S.C. § 2283, which allows such injunctions when necessary to "protect or effectuate [a federal court's] judgments." Earthgrains also respectfully requests that this Court sanction the attorneys responsible for this new lawsuit under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 in order to reimburse Earthgrains for its costs in having to defend against this patently frivolous and vexatious litigation and deter these attorneys from endlessly re-litigating these matters in the future.

Respectfully submitted,

Michael V. Matthews

LAW OFFICES OF MICHAEL V. MATTHEWS, P.C.
Post Office Box 34007
Charlotte, North Carolina 28234
(704) 376-5082

and

Charles Kelso

FISHER & PHILLIPS LLP
1500 Resurgens Plaza
945 East Paces Ferry Road
Atlanta, Georgia 30326

Attorneys for Plaintiff The Earthgrains Company